UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

FILED
01 MAR -8 PM 3: 14
U.S. DISTRICT COURT
N.D. OF ALABAMA

KYLE B. SUMMERHILL, on behalf, )
of himself and all others )
similarly situated, )
 )
    Plaintiff, )
 )
vs. ) Civil Action NO. CV-00-S-3256-NW
 )
NATIONWIDE COLLECTION )
CORPORATION OF ALABAMA, )
 )
    Defendant. )

ENTERED
MAR - 8 2001

### MEMORANDUM OPINION

This action is before the court on plaintiff's motion to dismiss his class action allegations without notice (doc. no. 12), and, the parties' stipulation for dismissal of plaintiff's individual claims with prejudice (doc. no. 13), reading as follows: "If the Plaintiff's Motion to Dismiss Class Allegations Without Notice [is] granted, the parties stipulate that the claims of Kyle B. Summerhill may be dismissed with prejudice." Court action upon these motions cannot be simply a ministerial act. The rub lies in the fact that, when plaintiff commenced this action, alleging that defendant had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., he sued not just on behalf of himself, but also on behalf of "all others similarly situated." He defined the putative class he purported to represent as including:

> (i) all persons in the State of Alabama (ii) to whom letters in the form of <u>Exhibit A</u> were sent (ii) [sic] in an attempt to collect a debt allegedly due Eliza Coffee

memorial Hospital, (iii) [sic] during the one year period prior to the filing of the complaint in this action, (iv) [sic] which were not returned to the U.S. Post Office as undelivered.

Complaint (doc. no. 1 ¶ 13, at 3 (emphasis in original)). The *ad damnum* clause of his complaint contains requests for a declaratory judgment that collection letters in the form of Exhibit A[1] violate the Fair Debt Collection Practices Act, statutory damages pursuant to 15 U.S.C. § 1692k, attorneys' fees, litigation expenses, and costs.

A plaintiff's individual claims undeniably may be dismissed "by filing a stipulation of dismissal signed by all parties who have appeared in the action." Federal Rule of Civil Procedure 41(a)(1)(ii). <u>But</u>, such an action is expressly made "[s]ubject to

---

[1]Exhibit A to the complaint is an undated letter from Nationwide Collection Corporation, addressed to Kimberly Summerhill, seeking collection of a $30.00 account allegedly owed to "Florence Pathology," and reading in pertinent part as follows:

> THIS ACCOUNT HAS BEEN LISTED WITH OUR OFFICE FOR COLLECTION. THIS NOTICE HAS BEEN SENT BY A COLLECTION AGENCY.
>
> **THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**
>
> IF PAID IN FULL TO THIS OFFICE, ALL COLLECTION ACTIVITY WILL BE STOPPED. UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY US WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. [Emphasis in original.]

the provisions of Rule 23(e),"[2] providing that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Federal Rule of Civil Procedure 23(e). *See generally* 9 Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2363, at 256 (2d ed. 1994) ("[V]oluntary dismissal of class action suits require district court approval.").

The issue of whether class claims may be dismissed prior to certification[3] without notice to members of the putative class is an open question within the Eleventh Circuit. *See McArthur v. Southern Airways, Inc.*, 556 F.2d 298, 301-03 (5th Cir. 1977) (holding that a class allegation in a complaint if presumed to be proper, and Rule 23(e) notice requirements therefore apply unless the district court has declined to certify the class), *vacated on jurisdictional grounds*, 569 F.2d 276, 277 (1978) (*en banc*) (stating

---

[2]Federal Rule of Civil Procedure 41(a)(1) provides:

> <u>Subject to the provisions of Rule 23(e)</u>, of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) <u>by filing a stipulation of dismissal signed by all parties who have appeared in the action</u>. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. [Emphasis supplied.]

[3]*See* Federal Rule of Civil Procedure 23(c).

that question of whether Rule 23(e) notice requirements apply to pre-certified, putative class action is left open for future decision);[4] *see also Rice v. Ford Motor Co.*, 88 F.3d 914, 919 & n.8 (11th Cir. 1996) (declining to determine whether the district court was correct when holding that, "where there is no possibility that the named plaintiffs obtained some benefit at the expense of the putative class ... and the putative class is not prejudiced," the approval and notice requirements of Rule 23(e) do not apply until after certification in accordance with Rule 23(c)).

Outside the Eleventh Circuit, those courts addressing the same issue have reached conflicting conclusions. A majority of those cases hold that the notice requirements of Rule 23(e) attach upon the filing of a complaint alleging class claims and, thus, prior to certification. See, e.g., *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1406-11 (9th Cir. 1989) (stating, at 1408, that "during the interim between filing and certification, a court must assume for purposes of dismissal or compromise that an action containing class allegations is really a class action," and holding that "Rule 23(e) applies before certification"); *Glidden v. Chromalloy American Corp.*, 808 F.2d 621, 625-28 (7th Cir. 1986) (concluding that Rule 23(e) applies to actions filed as class

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

actions). Nevertheless, it should not be overlooked that even those courts holding that Rule 23(e) applies prior to certification of a class do not "invariably require notice when a case is settled prior to certification." *Glidden*, 808 F.2d at 627 (citing *Simer v. Rios*, 661 F.2d 655, 666 (7th Cir. 1981), *cert. denied*, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982)); *see also Diaz*, 876 F.2d 1408 ("Notice to the class of pre-certification dismissal is not ... required in all circumstances.").

Only a minority of circuits hold that the notice requirements of Rule 23(e) do not attach until certification pursuant to Rule 23(c)(1). Possibly the best exposition of that position is found in the Fourth Circuit's opinion in *Shelton v. Pargo*, 582 F.2d 1298 (4th Cir. 1978). The *Shelton* panel drew a negative inference from the following statement in *Sousa v. Iowa*, 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975):

> The certification of a suit as a class action has important consequences for the unnamed members of the class. If the suit proceeds to judgment on the merits, it is contemplated that the decision will bind all persons who have been found at the time of certification to be members of the class. Rule 23(c)(3); Advisory Committee Note, 28 U.S.C.App., pp. 7765-7766. <u>Once the suit is certified as a class action</u>, <u>it may not be settled or dismissed without the approval of the court</u>. Rule 23(e).

*Id.* at 399 n. 8, 95 S.Ct. at 557 n.8 (emphasis supplied). The Fourth Circuit held that it followed "inescapably" from the

-5-

emphasized portion of the Supreme Court's statement in *Sousa* that Rule 23(e) notice is <u>not</u> required prior to certification of a class. *Shelton*, 582 F.2d at 1303.[5]

> [T]he clear implication of the italicized statement (*i.e.*, "Once the suit is certified as a class action, it may not be dismissed without approval of the court") is that the requirment of court approval for settlement or dismissal embodied in rule 23(e) does not apply until an action has been certified as a class action.

*Id.* at 1304 (quoting Wheeler, *Predismissal Notice and Statutes of Limitations in Federal Class Actions After American Pipe and Construction Co. v. Utah*, 48 S. Cal. L. Rev. 771, 775 n.16a (1975)) (internal quotation marks omitted).

> [I]t should be remembered that the primary purpose of 23(e) was to insure than an absentee class member, against whom an order of dismissal with prejudice would be *res judicata*, should be afforded an opportunity to be heard before any such order was entered. The necessity for court approval to achieve such purpose normally, though, exists only after the action has been certified as a class action, since any order entered in the uncertified case binds solely the individual plaintiff and not absentee class members.

*Shelton*, 582 F.2d at 1303 (footnote omitted).

---

[5]*Nota bene* that the Supreme Court appeared to link the notice requirements of Rule 23(e) even more strongly to Rule 23(c)(1) certification in Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980), where it said:

> We note that Rule 23(e) prescribes certain responsibilities of a district court in a case brought as a class action: <u>once a case is certified</u>, a class action may not be "dismissed or compromised without the approval of the court, and <u>notice</u> of the proposed dismissal or compromise <u>shall be given to all members of the class</u> in such manner as the court directs." ...

*Id.* at 332 n.5, 100 S.Ct. at 1171 n.5 (emphasis supplied).

This court believes the minority position is more sound. By its express terms, Rule 23(e) applies <u>only</u> to "class actions"; but an action is not a "class action" simply because a plaintiff asserts that it is. Rather, an action becomes a "class action" only when a district court certifies that it may be so maintained, in accordance with Rules 23(a) through (c)(1), inclusive. During the interim between the filing of a complaint containing class allegations and formal certification pursuant to Rule 23(c)(1), the "class" — *to the extent that it is even proper to describe plaintiff's <u>assertions</u> with such a noun* — is no more that a <u>putative</u>[6] class. *See Baxter v. Palmigiano*, 425 U.S. 308, 311 n.1, 96 S.Ct. 1551, 1554 n.1, 47 L.Ed.2d 810 (1976) ("Without ... certification and identification of the class, the action is not properly a class action.") (citation omitted).[7] Thus, the notice requirements of Rule 23(e) attach, and become mandatory, only following certification.

Nevertheless, whenever a plaintiff assumes a representative

---

[6] *See, e.g.*, Bryan A. Garner, A Dictionary of Modern Legal Usage 721-22 (2d ed. 1995) (defining the adjective "putative" as meaning, among other things, "supposed, believed, reputed").

[7] *See also* Comment, *Continuation and Representation of Class Actions Following Dismissal of the Class Representative*, 1974 Duke L.J. 573, 596:

> During the period between the filing and certification, a class action is supported solely by the pleadings, which may or may not have a foundation in fact compatible with the requirements of rule 23(a) and (b). Since the class had not yet been found to exist by the court, it is merely thought or assumed to exist hypothetically for the limited purpose of enabling the plaintiff to prove its actual existence.

role on behalf of an alleged class of similarly situated persons, he accepts fiduciary obligations to the members of the putative class, and he "may not abandon the fiduciary role [thus] assumed at will or by agreement with the [defendant], if prejudice to the members of the class [he] claimed to represent would result or if [he] improperly used the class action procedure for ... personal aggrandizement."  *Shelton*, 582 F.2d at 1304 (citing *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 549-50, 69 S.Ct. 1221, 1227, 93 L.Ed. 1528 (1949)).

Thus, even prior to certification, the district court has a responsibility to scrutinize motions such as those pending in this action, to protect those absent, unnamed persons encompassed by the plaintiff's definition of the putative class from "strike suits," class action extortion, and abusive, collusive settlements benefitting only the named plaintiff, his attorneys, and the defendant.[8]  Such supervisory powers flow in part, but not wholly, from Rule 23(d), requiring in part:

> for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the

---

[8]*See* In re Phillips Petroleum Securities Litigation, 109 F.R.D. 602, 607 (D. Del. 1986) (court need not analyze whether <u>defendant</u> will be prejudiced by dismissal).

action; ...

Federal Rule of Civil Procedure 23(d)(2).[9]

Moreover, the district court should conduct a hearing, in order to inquire carefully into the circumstances of the settlement, and thereafter make written findings as to whether the proposed settlement is "is tainted by collusion, or whether absent putative class members, with a reasonable basis for a 'reliance' expectation, would be prejudiced by the settlement.' *Shelton*, 582 F.2d at 1316.

> [T]he court must, after a careful hearing, determine what "claims are being compromised" between the plaintiff and defendant and whether the settling plaintiff has used the class action claim for unfair personal aggrandizement in the settlement, with prejudice to absent putative class members. If, as a result of such hearing, the court is clearly satisfied that there has been no abuse of the class action device and no prejudice to absent putative class members, it may approve the settlement and dismissal without going through with a certification

---

[9] In whole cloth, Rule 23(d) reads as follows:

>    (d) ORDERS IN CONDUCT OF ACTIONS. In the conduct of actions to which this rule applies, the court may make appropriate orders: (1) determining the course of proceedings or prescribing measures to prevent undue repetition or complication in the presentation of evidence or argument; (2) requiring for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action; (3) imposing conditions on the representative parties or intervenors; (4) requiring that the pleadings be amended to eliminate therefrom allegations as to representation of absent persons, and the action proceed accordingly; (5) dealing with similar procedural matters. The orders may be combined with an order under Rule 16, and may be altered or amended as may be desirable from time to time.

determination or requiring notice to be given to absent putative class members. ... [I]f it has found neither collusion nor prejudice, it is within the discretion of the District Court, under the facts of the particular case, to approve the dismissal without requiring a certification determination or a notice as mandated by 23(e).

In weighing whether to require a certification determination and notice under the foregoing rule, the District Court "should focus primarily on the possibility that the pre-certification compromise is the product of collusion." the rationale for thus giving "less weight" to the possibility of prejudice to absent putative class members in the pre-certification context is that, unlike the situation in a certificated class action, a "pre-certification dismissal does not legally bind absent class members," and before certification, the absent putative class member has at best a mere "reliance interest," the strength of which will vary with the facts of the particular case. ... [T]his "reliance interest" is at best "speculative." After all, "no notice to purported class members is required upon the filing of a class action. Therefore, any reliance produced by such a filing arises as a consequence of such persons learning of the action through the news media or some other secondary source. The danger of reliance is thus generally limited to actions that would be considered of sufficient public interest to warrant news coverage of either the public or trade-oriented variety. Also, reliance can occur only on the part of those persons learning of the action who are sophisticated enough in the ways of the law to understand the significance of the class action allegation." Because this "reliance interest" is often thought to be so "speculative" as to warrant little or no consideration, a court should consider the relevant facts and circumstances in order to determine whether the possible reliance interest of the absent putative class members in the particular case is sufficiently realistic to make necessary class notice.

In "focusing" on the possibility of collusion, on the other hand, the District Court should conduct a careful inquiry into the terms of the settlement, <u>particularly the amount paid the plaintiff in purported</u>

<u>compromise of his individual claim and the compensation to be received by plaintiff's counsel</u>, in order to insure that, under the guise of compromising the plaintiff's individual claim, the parties have not compromised the class claim to the pecuniary advantage of the plaintiff and/or his attorney.  We reject, however, the suggestion that merely because the settlement involved some payment to the plaintiff, notice must be given in any event.  The acceptance of such a suggestion would mean as a practical matter that there could never be a voluntary settlement of a pre-certification case since the requirement of notice, based on a certification determination defining the class to be noticed, would be generally an insurmountable barrier to any settlement.  ...

*Id.* at 1314-15 (footnotes omitted) (emphasis added).[10]

A separate order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 8th day of March, 2001.

_____
United States District Judge

---

[10] *See also Diaz*, 876 F.2d at 1408 (citing *Shelton*, 582 F.2d at 1315; Larking General Hospital, Ltd. v. American Telephone and Telegraph Co., 93 F.R.D. 497 (E.D. Pa. 1982)):

> At such a hearing, the district court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.